GARY M. RESTAINO
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
nathaniel.walters@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-24-00786-SHR-AMM |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Jose Rene Murrieta, | |
| Defendant. | |

The United States of America and the defendant, Jose Rene Murrieta, agree to the following disposition of this matter:

<u>PLEA</u>

a.    The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, charging the defendant with a violation of Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, and Title 18, United States Code, Sections 933(a)(2) and (b), Felony Receipt of a Firearm, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment. The United States will dismiss Count 3 of the Indictment at the time of sentencing.

<u>ELEMENTS OF THE CRIME</u>

The essential elements of Smuggling Goods from the United States are that:

(A)    The defendant knowingly attempted to export from the United States any merchandise, article, or object;

1      (B)    The exportation of the merchandise, article, or object was contrary to any law

2              or regulation of the United States; and

3      (C)    The defendant knew the exportation of the merchandise, article, or object was

4              contrary to any law or regulation of the United States.

5

6      The essential elements of Felony Receipt of a Firearm are that:

7      (A)    The defendant knowingly received a firearm from another person;

8      (B)    The receipt of the firearm was in or otherwise affecting interstate commerce;

9              and

10     (C)    The defendant knew or had reasonable cause to believe that receipt would

11             constitute a felony.

12                   STIPULATIONS, TERMS AND AGREEMENTS

13       The defendant understands the guilty plea is conditioned upon the following terms,

14  stipulations, and requirements:

15

16                        Maximum Penalties

17      b.    The defendant understands and agrees that the maximum penalty for Count

18  1 of the Indictment is a fine of up to $250,000, a maximum term of ten (10) years

19  imprisonment, or both, and a maximum term of three (3) years of supervised release. The

20  defendant also understands and agrees that the maximum penalty for Count 2 of the

21  Indictment is a fine of $250,000, a maximum term of fifteen (15) years imprisonment, or

22  both, and a maximum term of three (3) years supervised release. For both counts, a

23  maximum term of probation is five years, including a minimum term of one year if

24  probation is imposed.

25       The defendant agrees to pay a fine unless the defendant establishes the applicability

26  of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

27

28

1   Special Assessment: The defendant understands that in accordance with Title 18,
2   United States Code, Section 3013, upon entry of judgment of conviction, there shall be
3   assessed a $100.00 special assessment for each felony count.

4

5                              Immigration Consequences

6          The defendant recognizes that pleading guilty may have consequences with respect
7   to his/her immigration status if the defendant is not a citizen of the United States. Under
8   federal law, a broad range of crimes are removable offenses, including the offense(s) to
9   which the defendant is pleading guilty.  Removal and other immigration consequences are
10  the subject of a separate proceeding, however, and the defendant understands that no one,
11  including the defendant's attorney or the district court, can predict to a certainty the effect
12  of the defendant's conviction on the defendant's immigration status. The defendant
13  nevertheless affirms that he/she wants to plead guilty regardless of any immigration
14  consequences that this plea may entail, even if the consequence is the defendant's
15  automatic removal from the United States.

16

17                              Agreement Regarding Sentencing:

18          c.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant
19  stipulate and agree to the following terms regarding sentencing:

20                  (1) Any prison sentence shall not exceed the low end of the final advisory
21                      Sentencing Guideline Range;

22                  (2) The defendant agrees not to seek any other adjustments in Chapters Two,
23                      Three, or Four of the Sentencing Guidelines or any "departures" from the
24                      Sentencing Guidelines. The defendant acknowledges that if the defendant
25                      seeks any such adjustment or departure, the government may withdraw
26                      from the plea;

27                  (3) Nothing in this agreement precludes the defendant from asking for a
28                      variance from the final advisory Sentencing Guideline Range.

1    (4) **The sentences in Counts 1 and 2 shall run concurrently.**

2    d.    Assets and Financial Responsibility.    The defendant shall make a full

3    accounting of all assets in which the defendant has any legal or equitable interest. The

4    defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

5    transfer any such assets or property before sentencing, without the prior approval of the

6    United States (provided, however, that no prior approval will be required for routine, day-

7    to-day expenditures). The defendant also expressly authorizes the United States Attorney's

8    Office to immediately obtain a credit report as to the defendant in order to evaluate the

9    defendant's ability to satisfy any financial obligation imposed by the Court. The defendant

10    also shall make full disclosure of all current and projected assets to the U.S. Probation

11    Office immediately and prior to the termination of the defendant's supervised release or

12    probation, such disclosures to be shared with the U.S. Attorney's Office, including the

13    Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the

14    Inmate Financial Responsibility Program to fulfill all financial obligations due and owing

15    under this agreement and the law.

16    e.    Acceptance of Responsibility.    If the defendant makes full and complete

17    disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

18    commission of the offense, and if the defendant demonstrates an acceptance of

19    responsibility for this offense up to and including the time of sentencing, the United States

20    will recommend a two-level reduction in the applicable Sentencing Guidelines offense

21    level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,

22    the United States will move the Court for an additional one-level reduction in the applicable

23    Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

24    The defendant understands and agrees that this plea agreement contains all the

25    terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the

26    Court authorizes any reduction of sentence not specifically agreed to in writing by the

27    parties, the government may withdraw from the plea agreement.

28

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Disclosure of Information to U.S. Probation:</u>

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

1        Forfeiture, Civil, and Administrative Proceedings

2        a.      Defendant acknowledges the foregoing assets have been administratively
3   forfeited by the Department of Homeland Security: two (2) Glock, model 19X, 9mm
4   caliber pistols bearing serial numbers CABL598 and CAHP375; one (1) Pioneer Arms,
5   7.62x39mm caliber rifle with an obliterated serial number; two (2) Century Arms
6   7.62x39mm caliber rifles bearing serial numbers SV139910 and SV7140269; three (3)
7   7.62x39mm caliber magazines; and six (6) 9mm caliber magazines.

8        b.      Defendant knowingly and voluntarily waives all constitutional, legal and
9   equitable defense to the forfeiture of the assets in any proceeding.  Defendant agrees to
10  waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory
11  and agrees to waive any claim or defense under the Eighth Amendment to the United States
12  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the
13  United States.  The defendant also waives all statutory deadlines, including but not limited
14  to deadlines set forth in 18 U.S.C. § 983.

15       c.      Defendant knowingly and voluntarily agrees to hold the United States, its
16  agents and employees harmless from any claims whatsoever in connection with the seizure
17  or forfeiture of the above-listed assets.

18       d.      Defendant knowingly and voluntarily agrees and understands the
19  administrative forfeiture of the assets listed above shall not be treated as satisfaction of any
20  assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may
21  impose upon the defendant.

22       e.      Defendant further agrees and understands that the government will dispose
23  of the assets as authorized by law, which may include destruction of the seized items. The
24  defendant agrees that the items may be destroyed by the investigative agency with or
25  without a court order authorizing the destruction of the items seized.  If the United States
26  determines that a destruction order should be obtained, the defendant and defendant's
27  counsel hereby concur in a motion for such an order.

28

1        f.      Nothing in this agreement shall be construed to protect the defendant from

2    administrative or civil forfeiture proceedings or prohibit the United States from proceeding

3    with and/or initiating an action for civil forfeiture.

4        g.      The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

5    that the defendant owns or over which the defendant exercises control, directly or

6    indirectly, as well as property constituting or traceable to the gross proceeds taken,

7    obtained, or retained in connection with or as a result of the offense including the following

8    property: $3,423.00 in United States currency.

9        h.      The defendant further agrees to waive all interest in any such asset in any

10    administrative or judicial forfeiture proceeding, whether criminal or civil.  The defendant

11    agrees to consent to the entry of orders of forfeiture for such property and waives the

12    requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture

13    in the charging instrument, announcement of the forfeiture at sentencing, and incorporation

14    of the forfeiture in the judgment. The defendant further understands and agrees that

15    forfeiture of the asset is appropriate and in accordance with the applicable forfeiture

16    statutes, 50 U.S.C. § 4819(d)(1)(B). The defendant further acknowledges that the forfeiture

17    of asset is part of the sentence that may be imposed in this case and waives any failure by

18    the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure

19    11(b)(1)(J), at the time the guilty plea is accepted.

20        i.      Forfeiture of the defendant's asset shall not be treated as satisfaction of any

21    fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the

22    defendant in addition to forfeiture. This agreement does not preclude the United States

23    from instituting any civil or administrative forfeiture proceedings as may be appropriate

24    now or in the future.

25        j.      The defendant agrees to waive all constitutional and statutory challenges in

26    any manner (including direct appeal, habeas corpus, double jeopardy, or any other means)

27    to any forfeiture imposed as a result of this guilty plea or any pending or completed

28    administrative or civil forfeiture actions, including that the forfeiture constitutes an

1  excessive fine or punishment. The defendant agrees to take all steps as requested by the
2  United States to pass clear title to forfeitable asset to the United States, and to testify
3  truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all
4  property covered by this agreement is subject to forfeiture as proceeds of illegal conduct
5  and substitute assets for property otherwise subject to forfeiture, and that no other person
6  or entity has a legitimate claim to these items listed.

7        k.    The defendant agrees not to file a claim, and to withdraw any previously filed
8  claims, to any of the listed property in any civil, administrative, or judicial proceeding
9  which may be initiated.  The defendant further agrees not to contest civil, administrative,
10 or judicial forfeiture of the listed property. The defendant agrees to waive any right to
11 notice of any forfeiture proceeding involving this property and agrees not to assist others
12 in filing a claim in any forfeiture proceeding involving this property.

13       l.    The government reserves its right to proceed against any remaining assets
14 not identified either in this agreement or in any civil actions which are being resolved along
15 with this plea of guilty, including any property in which the defendant has any interest or
16 control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

17       m.    The defendant hereby waives and agrees to hold the government and its
18 agents and employees harmless from any and all claims whatsoever in connection with the
19 seizure, forfeiture, and disposal of the property described above.  Without limitation, the
20 defendant understands and agrees that by virtue of this plea of guilty, the defendant will
21 waive any rights or cause of action that the defendant might otherwise have had to claim
22 that the defendant is a "substantially prevailing party" for the purpose of recovery of
23 attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant
24 to 28 U.S.C. § 2465(b)(1).

25       n.    Nothing in this agreement shall be construed to protect the defendant from
26 administrative or civil forfeiture proceedings or prohibit the United States from proceeding
27 with and/or initiating an action for civil forfeiture.

28

1

Reinstitution of Prosecution:

2       If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

3   court in a later proceeding, the government will be free to prosecute the defendant for all

4   charges as to which it has knowledge, and any charges that have been dismissed because

5   of this plea agreement will be automatically reinstated. In such event, the defendant waives

6   any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth

7   Amendment to the Constitution as to the delay occasioned by the later proceedings.

8

9

Waiver of Defenses and Appeal Rights:

10      If the defendant receives a sentence in accordance with this plea agreement, the

11  defendant waives (l) any and all motions, defenses, probable cause determinations, and

12  objections that the defendant could assert to the indictment or information; and (2) any

13  right to file an appeal, any collateral attack, and any other writ or motion that challenges

14  the conviction, an order of restitution or forfeiture, the entry of judgment against the

15  defendant, or any aspect of the defendant's sentencing-including the manner in which the

16  sentence is determined, the determination whether defendant qualifies for "safety valve"

17  (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations,

18  including the district court's determination of the criminal history category.  The sentence

19  is in accordance with this agreement if the sentence imposed does not exceed the low end

20  of the sentencing guidelines range as calculated under U.S.S.G. § 1B1.1(a).  The defendant

21  further waives: (1) any right to appeal the Court's entry of judgment against the defendant;

22  (2) any right to appeal the imposition of sentence upon defendant under Title 18, United

23  States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's

24  refusal to grant a requested variance; (4) any right to collaterally attack defendant's

25  conviction and sentence under Title 28, United States Code, Section 2255, or any other

26  collateral attack; and (5) any right to file a motion for modification of sentence, including

27  under Title 18, United States Code, Section 3582(c) (except for the right to file a

28  compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of

1   such a motion).  The defendant acknowledges that this waiver shall result in the dismissal
2   of any appeal or collateral attack the defendant might file challenging his/her conviction or
3   sentence in this case.  If the defendant files a notice of appeal or a habeas petition,
4   notwithstanding this agreement, defendant agrees that this case shall, upon motion of the
5   government, be remanded to the district court to determine whether defendant is in breach
6   of this agreement and, if so, to permit the government to withdraw from the plea agreement.
7   This waiver shall not be construed to bar an otherwise-preserved claim of ineffective
8   assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
9   II.B of Ariz. Ethics Op. 15-01 (2015)).

10

11                                    Plea Addendum

12         This written plea agreement, and any written addenda filed as attachments to this
13   plea agreement, contain all the terms and conditions of the plea. Any additional
14   agreements, if any such agreements exist, shall be recorded in separate documents and may
15   be filed with the Court under seal. Accordingly, additional agreements, if any, may not be
16   in the public record.

17

18              WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS
19                                    Waiver of Rights

20         I have read each of the provisions of the entire plea agreement with the assistance
21   of counsel and understand its provisions. I have discussed the case and my constitutional
22   and other rights with my attorney. I understand that by entering my plea of guilty I will be
23   giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and
24   compel the attendance of witnesses, to present evidence in my defense, to remain silent
25   and refuse to be a witness against myself by asserting my privilege against self-
26   incrimination -- all with the assistance of counsel -- and to be presumed innocent until
27   proven guilty beyond a reasonable doubt.

28

1        I agree to enter my guilty plea as indicated above on the terms and conditions set
2    forth in this agreement.

3        I have been advised by my attorney of the nature of the charges to which I am
4    entering my guilty plea. I have further been advised by my attorney of the nature and range
5    of the possible sentence.

6        My guilty plea is not the result of force, threats, assurances or promises other than
7    the promises contained in this agreement. I agree to the provisions of this agreement as a
8    voluntary act on my part, rather than at the direction of or because of the recommendation
9    of any other person, and I agree to be bound according to its provisions.

10       I fully understand that, if I am granted probation or placed on supervised release by
11   the court, the terms and conditions of such probation/supervised release are subject to
12   modification at any time. I further understand that, if I violate any of the conditions of my
13   probation/supervised release, my probation/supervised release may be revoked and upon
14   such revocation, notwithstanding any other provision of this agreement, I may be required
15   to serve an additional term of imprisonment or my sentence may otherwise be altered. I
16   agree that any Guidelines Range referred to herein or discussed with my attorney is not
17   binding on the court and is merely an estimate.

18       I agree that this written plea agreement contains all the terms and conditions of my
19   plea and that promises made by anyone (including my attorney), and specifically any
20   predictions as to the guideline range applicable, that are not contained within this written
21   plea agreement are without force and effect and are null and void.

22       I am satisfied that my defense attorney has represented me in a competent manner.

23       I am fully capable of understanding the terms and conditions of this plea agreement.
24   I am not now on or under the influence of any drug, medication, liquor, or other intoxicant
25   or depressant, which would impair my ability to fully understand the terms and conditions
26   of this plea agreement.

27
28

1

### Factual Basis

2          I agree that the following facts accurately describe my conduct in connection with

3     the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

4     the government could prove the elements of the offense beyond a reasonable doubt based

5     on the following facts:

6          On January 23, 2024, in the District of Arizona, I, Jose Rene Murrieta,
7          attempted to exit the United States and enter the Republic of Mexico through
           the DeConcini Port of Entry in Nogales, Arizona, while driving a 2009 Ford
8          Flex SUV, of which I was the registered owner, driver, and sole occupant.
9          Customs and Border Protection Officers (CPBOs) referred me to secondary
           inspection. During a search of my vehicle, CBPOs located Three (3) 7.62x39
10         Pioneer Arms Corp. Rifles (One Serial Number Removed; SN: SV7139910;
11         SN: SV7140269); Three (3) 9mm Glock 19x Pistols (SN: CABL598; SN:
           CAHP375; SN: CATL542); Six (6) Glock 9mm Magazines; and Three (3)
12         7.62x39 Magazines.

13         Prior to my attempted exit from the United States, I knowingly received the
14         firearms and magazines from another person. I further admit that the firearms
           and magazines traveled in interstate commerce before I took possession of
15         them. Finally, I knew that my receipt of the firearms and magazines would
16         constitute a felony.

17         Specifically, when I took possession of the firearms and magazines, I knew
18         I was going to attempt to smuggle them into Mexico.

19

20

21

22

23

24

25

26

27

28

Finally, I knew the firearms and magazines that I smuggled and intended to export to Mexico are designated on the United States Commerce Control List and are, therefore, prohibited by law for export from the United States into Mexico without a valid license. Neither I nor any other individual involved in the attempted export of the firearms and magazines had a license or any other lawful authority to export those items from the United States into Mexico.

1-29-25
Date

JOSE RENE MURRIETA
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

1·29·25
Date

JOHN CONNELLY, ESQ.
Attorney for the defendant

- 13 -

1

## GOVERNMENT'S APPROVAL

2  I have reviewed this matter and the plea agreement. I agree on behalf of the United

3 States that the terms and conditions set forth are appropriate and are in the best interests of

4 justice.

5          GARY M. RESTAINO
            United States Attorney
6          District of Arizona

7

8 1/29/25

 Date          NATHANIEL J. WALTERS
9          Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28